```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF TEXAS
                    HOUSTON DIVISION


MICHAEL D. SCHIPULL,            §
TDCJ-CID #1193731,              §
                                §
            Plaintiff,          §
                                §
v.                              §   CIVIL ACTION NO. H-05-4104
                                §
DOUG DRETKE, et al.,            §
                                §
            Defendants.         §
```

### MEMORANDUM OPINION AND ORDER

Plaintiff, Michael D. Schipull, a TDCJ-CID inmate proceeding pro se, filed a lengthy, handwritten complaint, which did not comport to the Federal Rules of Civil Procedure and was contrary to the principals of the Prison Litigation Reform Act (PLRA). The court initially issued a Notice of Deficient Pleading (Docket Entry No. 11) instructing Schipull to use court-ordered forms and warned him that his action could be dismissed for want of prosecution if he failed to comply.

Although Schipull did use the forms, he submitted another unwieldy complaint (Docket Entry No. 13) in which he named twenty-seven defendants involving incidents that occurred at units located at least 600 miles apart. Moreover, the complaint included numerous unrelated claims that effectively allowed Schipull to circumvent the PLRA's objectives of deterring frivolous prisoner complaints by requiring a fee payment for each claim and a bar against future

litigation if a prisoner files more than three frivolous complaints. See Atchison v. Collins, 288 F.3d 177 (5th Cir. 2002) (PLRA fee requirements); Hubbard v. Haley, 262 F.3d 1194 (11th Cir. 2001) (PLRA does not permit joinder of claims to avoid payment of fees); Patton v. Jefferson Correctional Center, 136 F.3d 458 (5th Cir. 1998) (PLRA's three strikes provision examined); Norton v. Diamazana, 122 F.3d 286 (5th Cir. 1997)(upholding constitutionality of PLRA's fee provisions). Consequently, the court issued an Order (Docket Entry No. 16) striking the complaint and directing Schipull to file an amended complaint raising only one of his claims. The court advised Schipull that he could file more than one complaint if he desired to assert more than one claim. Id. Further, the court specifically instructed Schipull to limit his complaint to no more than ten pages. Id. For the second time, Schipull was admonished that his action was subject to dismissal if he did not comply with the court's instructions. Id.

Schipull responded by filing a Memorandum of Law (Docket Entry No. 18), which exceeds the court mandated page limit and in which he argues that his pleadings should be liberally construed. He then proceeds to reiterate his multiple claims, which include allegations that he has been denied access to a law library and meaningful access to the courts. Id. at 7-8. The extensive pleadings submitted in this action alone undermine Schipull's contention that he has been denied the materials necessary to state his claims to

the courts.  See Beck v. Lynaugh, 842 F.2d 759, 762 (5th Cir. 1988).

The court's instructions have been clear and explicit. Schipull's lack of training does not shield him from having to comply with the rules and the orders of the court.  See Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995).  Schipull's failure to abide by the court's repeated orders warrants dismissal of this action.  See Callip v. Harris County Child Welfare Dept., 757 F.2d 1513, 1518-19 (5th Cir. 1985); Rogers v. Kroger Co., 669 F.2d 317, 320 (5th Cir. 1982).

Therefore, the court **ORDERS** that this action be **DISMISSED without prejudice**, due to Schipull's failure to comply with the court's orders.  FED. R. CIV. P. 41(b); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988).  See also Martinez v. Johnson, 104 F.3d 769, 772 (5th Cir. 1997).

**SIGNED** at Houston, Texas, on this 29th day of September, 2006.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE